[Civ. No. 5709. First Appellate District, Division One.—February 8, 1927.]

HARLAN HONN, Appellant, v. MARGARET E. HAMER, et al., Defendants; A. J. RENO, Respondent.

[1] CORPORATIONS—SALE OF STOCK WITHOUT PERMIT—VOID SUBSCRIPTION AGREEMENT—STOCKHOLDER'S LIABILITY.—An action to enforce a stockholder's liability will not lie against a person who entered into an agreement for the purchase of stock of the debtor corporation, where at the date of such agreement said corporation did not have nor had it applied for or obtained a permit from the corporation commissioner to sell or dispose of its capital stock as required by the Corporate Securities Act and, therefore, such agreement was void.

[2] ID. — VOID AGREEMENT — ESTOPPEL. — Where an issue of stock is wholly without sanction, a contract for the purchase of shares of such stock is absolutely void and it cannot be enforced or rendered enforceable, in favor of creditors, by the application of the principle of estoppel.

(1) 37 C. J., p. 276, n. 27, p. 277, n. 43, p. 278, n. 59 New. (2) 14 C. J., p. 1010, n. 19.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Austin Lewis for Appellant.

Carr & Guiler for Respondent.

TYLER, P. J.—Action to enforce a stockholder's liability. The case is presented under stipulated facts. It appears therefrom that plaintiff is the assignee of the trustees of the creditors of American Ice Machine Company, a corporation. The record is silent as to the rights of defendants Hamer and Hodges. [1] The alleged liability of defendant Reno is based upon an agreement entered into by him for the purchase of stock in the corporation named. At the date of the agreement of the sale the corporation did not have nor had it applied for or obtained a permit from the

corporation commissioner to sell or dispose of its capital stock as required by the Corporate Securities Act (Stats. 1917, p. 673). Subsequent to the time the agreement was entered into the stockholders of the corporation held certain meetings, at which time Reno was present and he participated in the proceedings. The agreement upon which this action is based was before this court in a former proceeding. It appears therefrom that Reno had sued the corporation to recover payments which he had made on the stock and it was there held that the contract was void by reason of the fact that the company had failed to comply with section 3 of the Corporate Securities Act, which provides that no corporation shall take subscriptions for any security of its own issue until it shall have first applied for and secured from the commissioner of corporations a permit authorizing it so to do, and that as such company had not made the necessary application it was never possible for it to have lawfully issued its stock, and the contract for the sale of the same was accordingly void, and plaintiff was, therefore, entitled to recover the amount of his payment. (*Reno* v. *American Ice Machine Co.*, 72 Cal. App. 409 [237 Pac. 784].) It was there further held that the fact that plaintiff had attempted meetings of the stockholders and directors and participated in the proceedings in no manner affected the question, as the doctrine of estoppel by conduct and ratification has no application to a contract which is void for the reason that it violates an express mandate of the law or the dictates of public policy; that such a contract has no legal existence for any purpose and neither action nor inaction of a party to it can validate it and no conduct on his part can be invoked as an estoppel against asserting its invalidity. The question, therefore, so far as the rights of the immediate parties to the contract are concerned, has been definitely settled and determined. The question here presented has to do with the rights of the creditors of the corporation in the premises.

[2] Appellant claims that the rule above announced has no application to a case where, as here, the rights of innocent creditors are concerned; that as to them the rule is suspended in their interests under the principles of estoppel and we are cited to the case of *Moore* v. *Moffat*, 188 Cal. 1 [204 Pac. 220], as supporting this contention. The record before us does not show that estoppel was pleaded or proved.

However this may be, as above pointed out, the contract being absolutely void, it could not be enforced or rendered enforceable by the application of the doctrine invoked (*Knowles* v. *Sandercock*, 107 Cal. 629, 631 [40 Pac. 1047]), for where an issue of stock is wholly without sanction the principle of estoppel does not apply. (Helliwell on Stock and Stockholders, sec. 455.) Nor does the Moffat case relied upon support appellant in his contention. That case was one brought by trustees in bankruptcy of a corporation to recover an unpaid subscription of stock for the benefit of the creditors of the corporation. It appeared therein that the stock was issued before a permit was obtained. It further appeared, however, that after the granting of the same the parties had made a new contract for its purchase and it was under these conditions that it was held the inhibition of the statute did not attach. The instant case does not present this situation. As lack of authority to issue the stock prevents the corporation from enforcing the subscription agreement, by the same token this lack of authority is a good defense instituted by the receiver of the corporation upon its insolvency (*Kampman* v. *Farver*, 87 Tex. 491 [29 S. W. 768]). In other words, the corporation having no legal rights against Reno, its creditors could have none. The learned trial court so held and we think properly so.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.