[L. A. No. 11293. In Bank.—September 29, 1931.]

WINIFRED E. WALKER, Respondent, v. HARBOR REALTY & DEVELOPMENT CORPORATION (a Corporation) et al., Appellants.

V. E. Wilson for Appellants.

Leonard J. Meyberg for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiff. in an action to recover damages suffered by the plaintiff on account of an alleged fraudulent sale to her by the defendants of corporate stock of the defendant corporation.

It is not disputed that the stock certificates delivered to the plaintiff in exchange for $5,000 cash found to have been paid by her were issued by the corporation and delivered to the plaintiff by the defendant Elmer Dwiggins, acting as president of said corporation, prior to the issuance of a permit therefor by the corporation commissioner, as required by section 12 of the Corporate Securities Act, and that such a transaction is void under the terms of said section. (Stats. 1917, pp. 673, 679.) The purchase price of the stock was paid by the plaintiff about September 13, 1924. This action was brought on September 7, 1927, against the Harbor Realty & Development Corporation, which issued the stock, and against Elmer Dwiggins, and other defendants individually, and Dwiggins Company, a copartnership. The basis of the action was the alleged fraud of the defendants in inducing the plaintiff to enter into the illegal sale of the stock certificates, and the plaintiff sought as damages the sum of $5,000 paid as the purchase price thereof.

As grounds of appeal the defendants contend that the findings bearing upon the issues of fraud are not supported by the record and that the court erred in rejecting the de-

fendants' offer of testimony the purpose of which was to show, under the doctrine of the case of *Domenigoni* v. *Imperial Live Stock etc. Co.*, 189 Cal. 467 [209 Pac. 36], that the plaintiff was *in pari delicto* with the defendants and not entitled to recover. The testimony offered and rejected by the trial court was to the effect that the plaintiff was one of the incorporators and directors of the defendant corporation and attended the meeting of the incorporators and the first meeting of the directors.

None of the testimony in the record nor any of the evidence offered by the defendants has the effect to take this case out of the general rule stated in *Tatterson* v. *Kehrlein*, 88 Cal. App. 34 [263 Pac. 285], *Honn* v. *Hamer*, 81 Cal. App. 276 [253 Pac. 336], and *Reno* v. *American Ice Machine Co.*, 72 Cal. App. 409 [237 Pac. 784], and more recently recognized and declared in *Pollack* v. *Staunton*, 210 Cal. 656 [293 Pac. 26], and *First Nat. Bank of Calexico* v. *Thompson*, 212 Cal. 388 [298 Pac. 808], that the doctrines of estoppel by conduct and ratification have no application to a contract which is void, as in the present case, because it violates an express mandate of the law or the dictates of public policy; and the statute being for the protection of the buyer of corporate securities and the penalties prescribed for a violation thereof being all laid upon the seller, the buyer is not *in pari delicto* with the seller. No facts have been presented or offered which could bring this case within the exceptions noted in such cases as *Moore* v. *Moffat*, 188 Cal. 1 [204 Pac. 220], *Domenigoni* v. *Imperial Live Stock Co.*, 189 Cal. 467 [209 Pac. 36], and *Michell* v. *Grass Valley Gold Mines Co.*, 206 Cal. 609 [275 Pac. 418], where rights of others than the parties to the void sale or contract were involved and the buyer had by his own conduct made himself answerable to the claims of such third parties. (See *Tatterson* v. *Kehrlein, supra*, p. 51.) The present action involves the rights only of the parties themselves. We conclude that the court did not err in rejecting the proferred testimony.

The evidence on the issue of fraudulent representation was sharply in conflict. This conflict the trial court resolved in favor of the plaintiff, and we cannot say, as a matter of law, that the finding that the plaintiff was induced to part with the sum paid by her through the fraudulent

representations of the corporation and of the defendant, Elmer Dwiggins, its president, namely, that the plaintiff would receive therefor valid shares of stock when and only when the corporation had succeeded in obtaining a permit to issue the same, is not supported by sufficient evidence. Elmer Dwiggins testified that he knew the corporation had not obtained the permit when he signed as president and delivered the stock certificates to the plaintiff. The record warrants the conclusion that the plaintiff did not have knowledge of the facts and that she was not fully apprised of her right to relief until September, 1927, and it is not to be supposed that she would willingly have accepted invalid certificates for the sum paid by her. Without any consideration moving to her, the plaintiff was induced to and did pay her money on what in law was a false representation upon which she relied; and her damage follows as a matter of course. (*Boss* v. *Silent Drama Syndicate*, 82 Cal. App. 109, 115 [255 Pac. 225].) There is, however, no evidence in the record to connect the defendants other than the Harbor Realty and Development Corporation and Elmer Dwiggins with the false and fraudulent representation made to the plaintiff.

Other contentions made by the defendants have been considered but are not of sufficient merit to require discussion.

The judgment is reversed as to the defendants, Laurence W. Dwiggins, Raymond Dwiggins, and Dwiggins Company, a copartnership. As to the defendants Harbor Realty and Development Corporation and Elmer Dwiggins, the judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Seawell, J., and Waste, C. J., concurred.