[Civ. No. 10134.   Second Appellate District, Division Two.—September 23, 1935.]

W. J. MUNTON, Respondent, v. BEKINS et al., Defendants; CLAYTON I. CHANDLER, Administrator, etc., Appellant.

Howard F. Shepherd, Harris, Willey, Griffith & Harris and William C. Crossland for Appellant.

Carl E. Lindsay and Lindsay & Gearhart for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the respondent in an action against the appellant (a defendant) and other alleged stockholders of the Hollywood Dry Corporation to recover moneys alleged to be due by reason of the statutory stockholders' liability formerly embraced in section 322 of the Civil Code.

Appellant complains because the trial court did not make findings on his separate defenses. In a fifth and separate defense the appellant alleged that all shares of the capital stock of said corporation standing in the name of the appellant's decedent at the times alleged in the complaint were issued by said corporation in the state of Delaware without receiving any cash, labor done, personal property, real estate or leases thereof actually acquired by said Hollywood Dry Corporation (which would make the stock void because issued in violation of the constitution of that state). As a seventh and separate defense the appellant alleged that all of said shares were sold to the said appellant's decedent in the state of California by persons, not *bona fide* owners of such shares of stock disposing of their own property for their own account, but that said sales were made directly or indirectly for the benefit of the issuer of said shares of stock of said corporation for the direct or indirect promotion of a scheme or enterprise with the intent of violating and evading the Corporate Securities Act of the state of California. If these defenses were, or either of them was, sustained by the evidence, the stock was void under the law as it then existed and the appellant was not a stockholder of the. corporation and no recovery might be had against him as such. (*Golden Eagle Milling Co.* v. *Albin,* 219 Cal. 357 [26 Pac. (2d) 475]; *Live Oak Cemetery Assn.* v. *Adamson,* 106 Cal. App. (Supp.) 783 [288 Pac. 29]; *Honn* v. *Hamer,* 81 Cal. App. 276 [253 Pac. 336].) There was substantial evidence tending to support these defenses. The trial court made no finding whatever with regard to either one of them and the appellant is entitled to a reversal on this ground. (2 Cal. Jur. 1032, and

cases cited.) ■ Respondent relies upon the doctrine of estoppel. But numerous California cases have held that the doctrine of estoppel may not ordinarily be invoked to give validity to a contract which is void through violation of law, and this rule has been declared and applied in cases dealing with shares of stock void because of the absence of or nonconformity with a permit. (See *Golden Eagle Milling Co.* v. *Albin, supra,* and cases therein cited.) Furthermore the estoppel, if good, would not cure the failure of the trial court to make findings on said defenses.

■ The judgment fails to provide that the executor pay the same in due course of administration. But the law adequately takes care of this. (Probate Code, sec. 730.) The judgment is upon a claim against the estate and while such a judgment when it becomes final conclusively establishes the validity of the claim for the amount of the judgment, yet the judgment takes on the status merely of an allowed claim. This and other points raised by the appellant will not appear on a retrial.

Judgment reversed.

Wood, J., and Fricke, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.

Curtis, J., voted for a hearing.