[Sac. No. 2087. Department One.—February 11, 1914.]

## J. L. MENDENHALL, Appellant, v. HARRY J. GRAY et al., Respondents.

MECHANICS' LIENS—LIEN FOR POWER—STATUTE AUTHORIZING NOT UN-
CONSTITUTIONAL.—Section 1183a of the Code of Civil Procedure,
enacted in 1909 (Stats. 1909, p. 1003), giving a lien to persons sup-
plying power by means of teams, wagons, vehicles, implements, or
appliances, used in the construction, alteration, addition to, or re-
pair of any of the improvements or works mentioned in section 1183
of that code, and providing the same procedure for enforcing the
lien, and the same right to give notice to withhold payments, as is
given to persons furnishing materials, is not unconstitutional be-
cause such lien is not one of those specified in section 15 of article
XX of the constitution.

ID.—CONSTITUTIONAL PROVISION PROVIDING FOR CERTAIN CLASSES OF
LIENS—LEGISLATURE MAY GRANT LIENS TO OTHER CLASSES.—That
section of the constitution, declaring that "mechanics, materialmen,
artisans and laborers of every class, shall have a lien upon the prop-
erty upon which they have bestowed labor or furnished material for
the value of such labor done and material furnished; and the legis-
lature shall provide, by law, for the speedy and efficient enforce-
ments of such liens," neither expressly nor impliedly prohibits the
legislature from granting liens to other classes of persons.

ID.—CONSTRUCTION OF CLAIM OF LIEN—DAMAGES FOR FAILURE TO USE
POWER DURING ENTIRE CONTRACT PERIOD.—A claim of lien for
power actually supplied, covering only the period during which it
was furnished and used by the contractor, cannot be construed as
claiming damages for the failure of the contractor to use the power
during the entire period for which he agreed to take it, merely be-
cause it contains a statement that the power was not retained for
the full contract period, and that this was due to no fault of the
claimant.

ID.—PAYMENT FOR POWER—MEASURING COMPENSATION BY NUMBER OF
MULES EMPLOYED.—An agreement to furnish mules, together with
equipment, for a compensation measured by the number of mules
employed, the equipment and appliances not to be separately paid
for, is not uncertain as to the amount and mode of payment.

APPEAL from a judgment of the Superior Court of Glenn
County. H. M. Albery, Judge presiding.

The facts are stated in the opinion of the court.

Ben. F. Geis, for Appellant.

Frank Freeman, for Respondents.

SLOSS, J.—The plaintiff appeals from a judgment in favor of defendants entered upon the sustaining of their demurrer to plaintiff's second amended complaint.

The action was brought to foreclose a lien under section 1183a of the Code of Civil Procedure. This section, which was added to the code in 1909 (Stats. 1909, p. 1003), has now been repealed (Stats. 1911, p. 1319). The transactions here involved took place in 1910, while the enactment was in force. The section gave a lien to persons supplying power by means of teams, wagons, vehicles, implements, or appliances, used in the construction, alteration, addition to, or repair of any of the improvements or works mentioned in section 1183 of the Code of Civil Procedure. The procedure for enforcing the lien is the same as that provided for enforcing liens of persons furnishing materials. The right to give notice to withhold payments is also given to persons thus supplying power in the manner that such right is given to materialmen by section 1184.

The complaint sets forth that on February 28, 1910, the defendant Sacramento Valley Irrigation Company, as owner of certain ditches, aqueducts, and canals, made a contract with the defendant Gray, as contractor, for the construction and alteration of said ditches, aqueducts, and canals for the said Irrigation Company and the defendant Sacramento Valley West Side Land Company. The amount to be paid exceeded two thousand dollars. The contract was not subscribed by the parties as required by section 1183, nor was it, or a memorandum thereof, filed before the work was commenced. Gray commenced work on March 7, 1910, and continued until September 12, 1910, when he abandoned the improvement. Notice of cessation of work was not filed by the owners.

On March 3, 1910, Gray made a contract with plaintiff, whereby plaintiff agreed to furnish to Gray, as contractor, teams, implements, and appliances to be used in the work above described. Plaintiff did, on March 7, 1910, furnish the teams, implements, and appliances required of him to said Gray, and the same were used in the work required of Gray

under his contract with the Irrigation Company. Plaintiff thus supplied power by means of the said teams, implements, and appliances, to wit: 194 head of mules, 194 sets of harness, 81 pairs of stretchers, 55 fifth chains, and the same were used with the knowledge and consent of the defendant corporations in and upon the construction and alteration of the works and improvements above mentioned. The agreement between plaintiff and Gray was that plaintiff was to furnish said power for eight months from March 7, 1910, and the amount to be paid by Gray was eleven dollars per month of 26 days, per mule, payable on the fifteenth day of each month. The teams, implements, and appliances were thus furnished by plaintiff from March 7, 1910, to September 10, 1910, for which work for said period there was and is a balance of $4989.10 due plaintiff under the contract, which remains unpaid.

When Gray ceased work, there was a balance of three thousand five hundred dollars due him, which amount is still held by the Irrigation Company. On the eighth and thirteenth days of September, 1910, plaintiff gave to the corporations defendant written notice of his demand, stating the particulars required by the statute. Within the time allowed by law, he made and recorded his verified claim of lien.

The demurrer was on both general and special grounds.

The principal reliance of the respondents seems to be upon the specification of want of facts sufficient to constitute a cause of action. One point made in this connection is that the section giving a lien for power furnished is unconstitutional, because such lien is not one of those specified in section 15 of article XX of the constitution. That section declares that "mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens." It is argued, and we may for the purposes of this discussion concede, that one furnishing power, as the plaintiff alleges he has done, is neither a mechanic, a materialman, an artisan, nor a laborer. See *Wood, Curtis & Co.* v. *El Dorado L. Co.*, 153 Cal. 230, [126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585, 94

Pac. 877].) He is not, therefore, one of those to whom the legislature was required by constitutional mandate to grant a lien. But we are unable to see that this consideration furnishes any ground whatever for the conclusion that the legislature might not, if it saw fit, grant him a lien. The legislative power vested in the senate and assembly (Const., art. IV, sec. 1) "includes all legislative power of the state, whose exercise is not expressly prohibited to the legislature, or conferred upon some other body. In the face of this declaration there can be no implication of the absence of such power. Whoever would claim that the power does not exist in any particular case, or has been improperly exercised, must point out the provision of the constitution which has taken it away or forbidden its exercise." (*Sheehan* v. *Scott*, 145 Cal. 684, 686, [79 Pac. 350]; see, also, *People* v. *Coleman*, 4 Cal. 46; *Mitchell* v. *Winnek*, 117 Cal. 520, [49 Pac. 579].) That the legislature had power, before the adoption of the present constitution, to create liens like the one now under consideration, is not questioned. There is certainly nothing in section 15 of article XX which amounts to either an express or an implied prohibition of the exercise of such power. All that the framers of the constitution and those who adopted it undertook to do was to guarantee liens to mechanics, materialmen, artisans, and laborers. The freedom of action which the legislature would otherwise have had was limited with respect to the classes enumerated. A lien could not, consistently with the constitution, be denied to them. But with respect to all other classes of persons, the legislature remained in just the same position which it occupied before. It could, in the exercise of its judgment, grant or withhold a lien as it deemed best for the general welfare.

It is further contended, in support of the general demurrer, that the claim of lien fails to contain a true statement of the plaintiff's demand. This contention is based on the assumption that some undefined part of the $4989.10 claimed is for damages for the failure of Gray to use plaintiff's mules and equipment during the entire eight months for which he had agreed to take them. Such damages would not, of course, be a proper subject of lien. But the argument is not supported by the language of the claim of lien. A fair reading of the document, as of the complaint itself, shows clearly enough

that the amount demanded by the plaintiff was for the power actually supplied, and covered only the period during which the mules and equipment were furnished to Gray and used by him. The claim of lien includes, to be sure, a statement that the mules were not retained for the full period of eight months, and that this was due to no fault of the plaintiff. But it is not stated that plaintiff suffered any damage from this, and the only purpose of the statement seems to have been to anticipate the possible objection that plaintiff had not fully complied with the contract on his part.

The special assignments of uncertainty, etc., relied upon by respondents in their brief, are without merit. It is said that the complaint does not show whether the sum claimed is "for the actual time the mules and appliances were in the possession of Gray or for the time they were actually employed on the work." The objection appears to be somewhat refined. But, in any event, it is not sustainable upon an inspection of the complaint. The allegations already outlined are to the effect that the mules were used on the work for a given period, and that the balance due is claimed for their use during that period. Another point suggested is that the complaint fails to state how much was to be paid for the appliances and implements as distinguished from the mules. There is no real ground for any claim of uncertainty in this respect. Plaintiff agreed to furnish mules, together with equipment, for a compensation measured by the number of mules employed. The equipment and appliances were not to be separately paid for. This is plainly shown by the complaint and the claim of lien.

The respondents do not advance argument in support of other specifications of their demurrer. We are satisfied that the complaint was not open to any of the objections which have been here presented.

The judgment is reversed, and the court below is directed to overrule the demurrers, with leave to the defendants to answer.

Angellotti, J., and Shaw, J., concurred.