[Civ. No. 3500.   Third Appellate District.—April 23, 1928.]

P. M. DEAN, as Administrator, etc., Respondent, v. NELL McNERNEY, Appellant.

Fred B. Mellmann and Fitzgerald, Abbott & Beardsley for Appellant.

Philip M. Carey and Marvin B. Sherwin for Respondent.

PLUMMER, J.—On the twenty-seventh day of January, 1925, Peter W. Dean died intestate in the city of Oakland, leaving an estate of the value of about $8,000. This estate consisted of certain jewelry and also of the sum of $7,720.66 on deposit with The American Bank in the city of Oakland. This deposit, at the time of the death of said Peter W. Dean, was standing in the name of appellant Nell McNerney. After the death of said Peter W. Dean, P. M. Dean was appointed the administrator of his estate, and after such appointment the appellant, who then had possession of the jewelry referred to, delivered possession of the same to the plaintiff, but refused to deliver to the plaintiff or to turn over to the plaintiff the pass-books in which was entered the sum of money referred to as on deposit with The American Bank. The plaintiff had judgment for the sum above mentioned, and the defendant Nell McNerney appeals.

The appellant interposed two defenses to the plaintiff's action; first, that the money on deposit with The American Bank was what was left of the sum of $8,000 theretofore given to the appellant by the deceased, Peter W. Dean; and, second, that the transaction by which the money came

into the possession of the appellant Nell McNerney was illegal, and that therefore the court would leave the parties where it found them and would grant no relief to the plaintiff herein.

The original answer of the appellant did not plead illegality of the transaction, but after certain testimony had been admitted tending to support such defense, appellant asked leave to file an amended answer pleading, in substance, the facts shown by the testimony as establishing the illegality of the transaction. The trial court refused permission to file such amended answer, and this action is assigned as error. The trial court also refused the appellant permission to reintroduce testimony which the record shows in substance and effect to be the same as the testimony that had already been introduced into the record. This testimony was sought to be introduced in support of the allegations of the amended answer as tendered to the court. The trial court found that there was no gift made by Peter W. Dean, deceased, to the appellant of the $8,000 mentioned in the record, and also found against the contention of the illegality of the contract. Upon this appeal it is conceded by the appellant that there is sufficient testimony in the record to support the finding of the court that there was no gift, while at the same time insisting that the record shows sufficient testimony to support a gift, in the event that the court had accepted such testimony as true. Upon this appeal we have only to do with the question of illegality of the contract. The law is very well settled that where the defendant does not set up the defense of illegality, but the case made by the plaintiff or the defendant shows illegality, it becomes the duty of the court, *sua sponte,* to refuse to entertain the action. (6 Cal. Jur., p. 162, sec. 111, and cases there cited.) The testimony in this case which the appellant claims to show illegality and which the appellant sought to reintroduce in connection with her amended answer, appearing in the record, it was the duty of the court to pass upon it just the same as though the amended answer had been filed and the testimony in relation thereto again admitted into the record. The finding of the court in relation to the transaction is as follows: "That on the 15th day of October, 1922, said Peter W. Dean, deceased, delivered to the defendant Nell McNerney in trust for safe-

keeping and for no other purpose, the sum of $8,000.66, and that said defendant Nell McNerney promised to repay said sum to the said Peter W. Dean, deceased, upon his request or demand. That there remained on January 27, 1925, in the possession of the defendant Nell McNerney from the said sum of $8,000.66 the sum of $7,720.66, which amount is now on deposit with the defendant The American Bank, a corporation, in the name of and to the credit of the defendant Nell McNerney, together with interest thereon at 4 per cent per annum from January 1, 1925.'' This finding is to the effect that the money in question was delivered by the deceased to the appellant for safekeeping, and for no other purpose, and therefore was not delivered in accordance with the claim of the appellant that it was for the purpose of protecting her as a house owner consenting to the use of the premises belonging to her, for illegal purposes. The record shows that prior to the delivery of the $8,000 by Peter W. Dean, deceased, to the appellant on August 15, 1922, the deceased had previously entrusted with the appellant the custody of a sum of money aggregating $4,264.19. That this money had all been deposited in the Hibernia Bank of San Francisco by the appellant in her own name, and the account representing such money was all the time carried in the name of the appellant.

The record also contains the testimony of a number of witnesses, which if believed by the trial court, tended to show, if not to establish beyond controversy, that the claim of the appellant in this case that the money was either given to her outright or was given to her for the purposes of protection was an afterthought. The testimony of these witnesses, if believed by the trial court, necessitated the setting aside and absolute disregarding of all the testimony of the appellant as to there ever having been any gift of the money to her by Peter W. Dean, deceased, or having been placed in her care, custody, and control for any other purpose than for safekeeping, just as moneys had previously been placed in her care, custody, and control by the deceased. It being admitted by the appellant that the testimony is sufficient to support the judgment of the trial court, it only remains for us to consider the alleged error in the ruling of the court in relation to the amended answer and the testimony sought to be introduced thereunder. As we have

said, if the case presents one of illegality of the contract, it must be considered by the court whether pleaded or unpleaded. Hence, the refusal of the trial court to permit the filing of an amended answer could work no prejudice to the appellant.

Before going further into the question as to the testimony stricken out by the trial court and not allowed to stand in support of the amended answer, we may state that the record shows that the deceased Peter W. Dean was for a considerable period of time engaged in the business of bootlegging; that he had stored liquors in a garage situate on the premises belonging to the appellant, and later on stored some of the liquors used by him in his business as a bootlegger in one of the rooms in the residence occupied by the appellant. The proposed amended answer recites the use of the garage by the deceased for storing liquors, and, further, that some time during the latter part of the month of July or the early part of the month of August, 1922, the appellant, upon returning to her home, discovered that the deceased had stored some of the illicit liquors in one of the rooms in the dwelling-house occupied by the appellant. That the appellant spoke to the deceased concerning the same, and the deceased stated to the appellant that he would see that she would suffer no loss by reason of his use of her premises for the purpose of storing said liquors, and would see that she was protected. That thereafter, and on the fifteenth day of August, 1922, said deceased delivered to the appellant $8,000.66. That said deceased paid said sum of money to said appellant for the purpose of protecting the appellant against any loss by reason of the use of her premises for the storing of liquors, and that said deceased continued thereafter, until the twenty-seventh day of January, 1925, to store illicit liquors on premises belonging to the appellant. When the testimony was sought to be reintroduced by the appellant in relation to the defense so tendered, a short colloquy ensued between the trial court and counsel for appellant as to just what was claimed by the appellant in relation to the transaction. In this colloquy we find the direct questions and answers: "By the Court: Do you claim he paid it to her for running a bootlegging establishment?" Mr. Mellmann (counsel for appellant): "We do not. We rest on two propositions, you might say

a gift of money, he made her a gift of the money; that he intended and actually did transfer the title to it; that he was moved by certain considerations.'' These considerations it would appear were claimed to be protection of the appellant. The trial court then heard the testimony of the appellant in relation to the claim of illegality, but so far as the record shows, it can only be determined that the following portion of such testimony was stricken out. It is the answer of the appellant which is in the following words: ''I was afraid, when I saw the liquor, to have it in the house. I said, 'Pete, I don't want liquor in the house.' I didn't mean when I saw it in the garage; I didn't want it in the house. He said to me, Pete said, 'You don't need to worry; you haven't the evidence. Don't think for a minute that I will put your home or yourself in a bad position to hurt you. I will see that you are taken care of.' '' A motion to strike out this answer was interposed by counsel for the plaintiff, and appears to be the only motion granted in relation to the testimony. The question then arises, did the court commit reversible error by granting this motion? A reference to the record shows that the following testimony was introduced and allowed to remain therein after the character of the business in which the deceased had been engaged had been established. (Testimony by the appellant. Questions by counsel for appellant) : ''Q. Was he at that time (referring to the deceased), engaged in the bootlegging business? A. Yes. Q. You remember at that time he stored liquor in your house? A. Yes. Q. Was he at that time storing liquor in your garage? A. Yes. Q. Did he ever, at any time, state to you what his reason was for protecting you? A. Yes. Q. At any time before this did he state to you anything about it? A. Only one day I said—I began to get nervous on account of the liquor in the house—and I said, 'Pete, I don't want you to put liquor in the house; I am afraid they will take my home if I get caught.' And he said, 'Don't worry; I will show you I will take care of you.' Q. How many days before the day he actually gave you this money was this? A. He said it to me at different times. Q. When was the last conversation before he gave you the money or check on that subject? A. The night I came home and found the liquor

stored there. Q. When was that? A. Maybe a week before that, one week before that. Q. When did Dean give you the money? A. He gave it to me on the morning I deposited it. Q. Who was present besides you and Peter Dean? A. Nobody. Q. What did he say to you? A. 'Nell, take this; put it in the bank for yourself for your protection, and if anything happens to me, and in case I am knocked over, it will help bail me out.' That is a slang phrase of saying it. Q. In case I am knocked over, this was to help bail me out? A. Not all of it. If he, personally, in case I am knocked over, use it that way. Q. By knocked over, what did you understand it to mean? A. If arrested. Q. For bootlegging? A. Yes.''

It is thus apparent that the trial court had before it all of the testimony claimed to show the illegality of the transaction, and the purpose for which it is claimed the $8,000 was given by the deceased to the appellant. The court found that the money was placed in the custody of the appellant for purposes of safekeeping, and for no other purpose, which directly contradicts the theory that the money was paid to the appellant for her protection, and the statement of counsel is direct to the effect that no claim is made that the money was paid by the deceased to the appellant for permission to run a bootlegging establishment on the premises belonging to her. Had the court found in accordance with the testimony of the appellant as it appears in the record, it may be admitted that the testimony is sufficient to support a gift, and also sufficient to show illegality of the whole transaction, but as the finding of the trial court to the contrary is sufficiently supported, the judgment must be affirmed, and it is so ordered.

Jamison, J., pro tem., and Hart, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 23, 1928, and the following opinion rendered thereon:

THE COURT.— The first ruling of the court and the findings of fact as set forth in the transcript are determinative upon this appeal. What the trial judge may have

said in a somewhat extended colloquy with counsel, is not controlling.

Rehearing denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

All the Justices concurred.