[Civ. No. 9354. Second Appellate District, Division One.—July 10, 1935.]

ZOE LOWE BROWN, Respondent, v. HERBERT CUTLER BROWN, Appellant.

Ivan G. McDaniel for Appellant.

Carpenter, Babson & Fendler, Ingle Carpenter and Harold A. Fendler for Respondent.

. SHINN, J., *pro tem.*—On February 1, 1917, while they were husband and wife, a property settlement was entered into between plaintiff and defendant. By the terms of the agreement certain real and personal property was divided between the parties. The agreement provided that defendant

would pay the plaintiff the sum of $200 per month until the minor son of the parties became of age and thereafter the sum of $125 per month during her lifetime, with the further stipulation that if plaintiff obtained a divorce and remarried, the payments to her should cease; that the defendant would keep up the premium payments upon life insurance policies upon defendant's life during the time that there were obligations to second party unsatisfied under the terms of this instrument. It was further agreed that plaintiff should receive $12,500 from the policies when they became payable and that the estate of defendant would make up any deficiency below that sum. It was agreed that in the event the parties were divorced defendant would pay plaintiff within five years after her remarriage the sum of $12,500, with interest from the date of her remarriage; that the policies should be held by plaintiff as security for all moneys which might become due under the terms of the agreement, namely, said monthly payments and the sum of $12,500 which was to be paid to plaintiff upon the above stated conditions. Defendant paid under the agreement, over a period of years, the sum of $19,833. He kept up the premium payments until 1930, when the policies were canceled because of the failure of defendant to pay further premiums. Plaintiff's first cause of action was for the sum of $1,077 alleged to be due and unpaid on account of accumulated monthly instalments; her second cause of action was for $456 interest on money alleged to have been received by defendant for the use and benefit of plaintiff; the third cause of action was for the recovery of $11,225, being the sum of $12,500 mentioned in the agreement, less $1275 alleged to have been paid on account thereof, which sum it was alleged defendant had received for the use and benefit of plaintiff; the fourth cause of action was for the same amount alleged to be due on an account stated; and the fifth cause of action was for damages alleged to have been suffered by plaintiff by reason of the failure of defendant to keep the policies in force.

Defendant answered, admitting the execution of the agreement and the failure to keep the policies in effect, but substantially denying the other allegations of the complaint. Judgment went for defendant upon the first four causes of action and for the plaintiff in the sum of $11,225 upon the

fifth cause of action. Defendant's appeal is brought here upon the judgment roll alone.

The findings disclose that on May 8, 1919, plaintiff obtained a divorce from the defendant in Reno, Nevada, and has not remarried. The decree made no provision for her support and did not refer to or approve the property settlement agreement. It was also found by the court that the agreement of the defendant to pay plaintiff the stipulated monthly payments was made and "that the execution and delivery of said instrument at that time and date was conditioned upon, and in contemplation of, the thereby promoting of an immediate or forthwith dissolution of the marriage then existing between plaintiff and defendant". Accordingly, it was held that the agreement was void and unenforceable by plaintiff in so far as it obligated the defendant to make the instalment payments as agreed. The judgment in plaintiff's favor for damages under the fifth cause of action was based upon a finding "that there was ample consideration for the promise of defendant to pay to the plaintiff the said sum of $12,500 as set forth in paragraph fifth of said instrument as therein provided, and for the promise and agreement of defendant to pay the premiums upon the three policies of life insurance".

We are of the opinion that the above findings do not support the judgment in plaintiff's favor. ■ Where a husband and wife agree that a divorce shall be obtained by one or the other, and adjust their affairs in contemplation of a divorce by entering into a settlement conditioned thereon, of their property rights and make promises of an executory nature pertaining thereto, and such facts are established in a subsequent action on the contract, they have no right to receive the aid of the court in the enforcement of their agreement, which the law condemns as a violation of the policy of the state. ■ If, as the court found, it was of the essence of the agreement, although not stated therein, that plaintiff should obtain a divorce from the defendant, and the promises of the defendant were made in contemplation of and to facilitate, and conditioned upon, a dissolution of the marriage, that fact bars a recovery by plaintiff in a suit based on the contract. (*Newman* v. *Freitas*, 129 Cal. 283 [61 Pac. 907, 50 L. R. A. 548]; *Pereira* v. *Pereira*, 156 Cal. 1 [103 Pac. 488, 134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880]; *Whiting*

v. *Whiting,* 62 Cal. App. 157 [216 Pac. 92].) The case clearly falls within this well-settled principle. ■ The question of consideration is not material. The contract itself shows ample consideration in the mutual covenants of the parties, under which their property was divided, certain obligations were assumed, and waivers were made. ■ But the law does not look with approval upon a contract in contravention of good morals merely because it is supported by a sufficient consideration, nor does the law allow the enforcement of contracts void against public policy through the application of the doctrine of estoppel. (*Colby* v. *Title Ins. & Trust Co.,* 160 Cal. 632 [117 Pac. 913, Ann. Cas. 1913A, 515, 35 L. R. A. (N. S.) 813].) The court will act *sua sponte* to refuse enforcement of such contracts when their invalidity becomes apparent. (*Dean* v. *McNerney,* 91 Cal. App. 206 [266 Pac. 975].)

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.