[Civ. No. 3100.   Fourth Dist.   Mar. 3, 1944.]

C. I. T. CORPORATION (a Corporation), Respondent, v. BRUCE BRECKENRIDGE et al., Appellants.

Milo E. Rowell and Paul Staniford for Appellants.

J. A. Chase for Respondent.

MARKS, J.—This is an appeal from a judgment for the balance of $1,117.77, besides interest, attorney's fees and

costs, unpaid on a promissory note for $2,874.47, signed by defendants, dated November 25, 1939, payable in instalments to E. O. Sears and by him endorsed without recourse and delivered to plaintiff in consideration of the payment to him of $2,500.

Defendants were the owners of a cafe in Eureka, California. They employed Sears as contractor to remodel the building and applied to plaintiff for a loan to help finance the improvements. The application was approved and the loan was made in the manner indicated. While the note was payable to Sears, he did not enter into the transaction other than to endorse it and deliver it to plaintiff on the payment of $2,500. The loan was negotiated by defendants.

No officer or agent of plaintiff knew or ever saw Sears during these negotiations. Their dealings were with defendants who had contracted with Sears to furnish the materials and do the work of making the improvements.

At no time material here was Sears licensed as a contractor under the provisions of chapter nine of the Business and Professions Code. It is therefore clear that Sears could not recover on his contract with defendants. (Sec. 7031, Business and Professions Code; *Holm* v. *Bramwell,* 20 Cal. App.2d 332 [67 P.2d 114]; *Siemens* v. *Meconi,* 44 Cal.App.2d 641 [112 P.2d 904]; *Phillips* v. *McIntosh,* 51 Cal.App.2d 340 [124 P.2d 835].) It is now argued that the same disability attaches to plaintiff's demand and that it cannot recover because it furnished money used to pay the unlicensed contractor in the performance of his contract. There is no evidence indicating that either plaintiff or defendants knew that Sears was unlicensed and the trial court found that neither of them had any knowledge of that fact, so plaintiff acquired the note before maturity, for a valuable consideration and without notice of any defect in it.

Section 7028 of the Business and Professions Code makes it unlawful for any unlicensed person to act as a contractor. Section 7030 of the same code makes it a misdemeanor for an unlicensed person to act as a contractor and for a person to conspire with another to violate the provisions of chapter nine. Section 7031 provides as follows:

"No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license

is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract.''

It is to be noted that the prohibition of the section is placed on the contractor and that the language used does not extend the disability to a person who lends money to pay for the improvement where such person acts in good faith and does not know that the contractor is not licensed.

The rule to be applied here is stated in *Berka* v. *Woodward,* 125 Cal. 119 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420], as follows:

"And in our own State it has been said (*Swanger* v. *Mayberry,* 59 Cal. 91): 'The general principle is well established that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction *malum in se,* or which is prohibited by a statute on the ground of public policy.' Nor in such cases does it matter whether the contract has been partially or wholly performed, or whether the consideration has passed or not. 'The test,' says Judge Duncan in *Swan* v. *Scott,* 11 Serg. & R. 164, 'whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case. If the plaintiff cannot open his case without showing that he has broken the law, the court will not assist him, whatever his claim in justice may be upon the defendant.' ''

The same language from *Swan* v. *Scott, supra,* was quoted with approval in *Moore* v. *Moore,* 130 Cal. 110 [62 P. 294, 80 Am.St.Rep. 78], and in *Holm* v. *Bramwell, supra.*

When we apply this rule to the instant case the conclusion follows that the judgment must be affirmed. The action was on a promissory note signed by defendants for a valuable consideration. To prove its case plaintiff had only to prove the due execution of the note, its endorsement by Sears and the amount of the unpaid balance. No proof of the illegal transaction was necessary to establish its case.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.