[Civ. No. 7793.   Third Dist.   Jan. 8, 1951.]

P. G. ANDREW et al., Respondents, v. EDMOND J. CONNER et al., Appellants.

Blewett, Blewett & Macey for Appellants.

Parkinson, Nichols & May for Respondents.

PEEK, J.—This proceeding arises out of an action instituted by plaintiffs to foreclose a mechanic's lien on defendants' land.

The complaint alleged that between certain dates, at the special instance and request of one of the defendants, plaintiffs furnished labor, machinery and materials for use on defendants' land, and that the reasonable value thereof was the sum of $3,382, no part of which had been paid, and concluded with a prayer for judgment in the sum alleged and for foreclosure of their lien.

Defendants' answer denied generally the allegations of the complaint and affirmatively alleged (1) that plaintiffs had not complied with the provisions of the Business and Professions Code in that they were not licensed as contractors and (2)

that the parties had orally agreed that the work would be done for the contract price of $2,000; that plaintiffs had abandoned the work before completion and the work actually done was valueless to defendants.

The cause proceeded to trial before the court sitting without a jury and at the conclusion thereof the court found that plaintiffs did not have a contractor's license; that plaintiffs had not agreed to do the work at a contract price; that the only agreement of the parties was that plaintiffs would furnish defendants "manned and maintained equipment" for the price of $11 per hour per unit; that plaintiffs had fully performed; that defendants retained all control and direction of the project, and that defendants finally ordered the work stopped because of unfavorable weather conditions.

■ Defendants' first contention is an attack upon the sufficiency of the evidence to sustain the finding that plaintiffs did not take the job on a contract basis. Suffice it to say that the record discloses ample evidence contrary to that relied upon by appellants which adequately supports the attacked finding and hence under the oft repeated rule such finding may not be disturbed upon appeal. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970].)

■ Defendants' second contention is premised upon the assumption that under the agreement of the parties plaintiffs were acting as contractors within the meaning of section 7026 of the Business and Professions Code. Therefore, they argue, by reason of the failure of plaintiffs to secure a contractor's license they are now precluded from maintaining their action under the provisions of section 7031 of that code.

Section 7026 defines a contractor as "any person, except an owner . . ., who in any capacity other than as the employee of another with wages as the sole compensation, undertakes to . . . or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or works in connection therewith."

Section 7031 provides: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging

and proving that he was a duly licensed contractor at all times during the performance of such act or contract.''

The record shows that defendants desired to clear, grade and level land, as well as construct a harbor and levees on Acker Island near Stockton, and that to accomplish their purpose they rented equipment and operators from plaintiffs over which defendants retained complete supervision, direction and control. Perhaps it is true, as defendants contend, that the operations here involved were such as normally come within the purview of the provisions of section 7026 of the Business and Professions Code. However, the trial court, as previously noted, upon conflicting evidence, found that plaintiffs did not agree to do the work for defendants on a contract basis but only agreed to rent to defendants certain equipment at a certain price.

It is to be noted section 7026 does not apply to an owner of property who is improving the same for his own use and not for sale. Additionally said section defines a contractor as one who either by himself or through others undertakes to accomplish a particular project. Thus, defendants, to maintain their contention, would have to show conclusively that plaintiffs affirmatively undertook to perform or did perform some of the work contemplated. Mere reliance upon particular testimony favorable to their case (which testimony was contradicted by plaintiffs), or the fact, if it be a fact, that it was such work as contractors usually perform, is not sufficient.

It necessarily follows that since there is ample evidence to sustain the finding of the court that plaintiffs' sole participation was their rental of equipment and operators and that defendants alone supervised, directed and controlled the doing of the work by and for themselves through the agency of the machines and operators rented by plaintiffs, defendants' second contention must fail for the same reason their first contention is without merit.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.