DAVID, J.
I must dissent. Though desirous, where the law permits, to construe provisions for mechanic’s liens with the greatest liberality, the facts herein and the well-established law relating to the effect of void contracts, impel the conclusion, as we view it, that the mechanic’s liens claimed do not exist.
(1) California Constitution, article XX, section 15, provides: “Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; ...” As to creation of the lien this provision is self-executing (Miltimore v. Nofziger Bros. Lumber Co. (1907), 150 Cal. 790 [90 P. 114]). But the lien of “teamsters and dr ajanen, . . . and all persons . . . bestowing . . . necessary services ... or furnishing . . . teams . . .’’is not created by the Constitutional section but by Code of Civil Procedure, section 1181. (Mendenhall v. Gray (1914), 167 Cal. 233 [139 P. 67]; Code Civ. Proe., § 1181.) We must therefore look to the codes to determine whether the absence of any legal contract between Silver and either of the plaintiffs, is overcome by any contract implied by law, creating a valid lien against Silver’s premises under the circumstances disclosed here.
(2) The findings that Robert A. Johnson and Dana E. Hough were employees of Murray Silver have no support in the evidence. The work performed by plaintiffs was not done at the instance of the owner, Silver, but of Shirey. Silver did not himself secure plaintiffs’ services, as in Andrew v. Conner, supra (1951), 101 Cal.App.2d 621; and since Shirey could not have foreclosed a mechanic’s lien (Albaugh v. Moss Construction Co. (1954), 125 Cal.App.2d 126 [269 P.2d 936]) neither may his subcontractors or employees, relying on his contract.
Shirey was not licensed as required by law and his contract with Silver is not enforceable in court. (Bus. & Prof. Code, §§7026, 7028, 7031; Gatti v. Highland Park Builders, Inc. (1946), 27 Cal.2d 687, 689 [166 P.2d 265], Cf. Berka v. *Supp. 858 Woodward (1899), 125 Cal. 119 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420].) Silver paid Shirey for the work including that performed by Johnson and Hough, and may not recover back such payment. (Comet Theatre Enterprises v. Cartwright (1952), 195 F.2d 80.)
Code of Civil Procedure, section 1181, states that there shall be a mechanic’s lien for furnishing necessary services “whether done or furnished at the instance of the owner or of any person acting by his authority or under him, as contractor or otherwise.”
Code of Civil Procedure, section 1182, subd. (c), provides that every contractor, etc. having charge of the work of improvement “shall be held to be the agent of the owner.” The trial court undoubtedly found Shirey to be Silver’s agent as a matter of law pursuant to these sections. Are they applicable 1
(3) The contract being Aoid for any purpose, no agency for the owner in securing plaintiff’s services can be predicated upon it. (Hunt v. Douglas Lumber Co. (1933), 41 Ariz. 276 [17 P.2d 815, 820].) Though reaching such proper conclusion, a materialman was allowed to recover. It was held not to have constructive notice of the contractor’s unlicensed status; and the owner was held estopped to assert the invalidity, having received the benefit of the work.
The Arizona court refused to hold that the absence of the name of the contractor from the official register of contractors was constructive notice to anyone of the contractor’s incapacity. (Hunt v. Douglas Lumber Co., supra, 17 P.2d at 820.)
(4) In California, the plaintiffs dealing with Shirey, required to be licensed, were on notice of his status. (Civ. Code, §§ 18, 19; Bus. & Prof. Code, §§ 7011, 7017, 7075, 7080, 7081; cf. Meyer v. Selggio (1947), 80 Cal.App.2d 161, 164 [181 P.2d 690]; see Santa Barbara Lumber Co. v. Ross (1920), 183 Cal. 657 [192 P. 436]; Wheaton v. Nolan (1934), 3 Cal.App.2d 401 [39 P.2d 457].)
(5) In California, no estoppel [or more properly stated, no quantum meruit] will lie, based upon benefits conferred, under a void contract. (Zottman v. City & County of San Francisco (1862), 20 Cal. 96, 106-108 [81 Am.Dec. 96] ; Brown v. Brown (1935), 8 Cal.App.2d 364 [47 P.2d 352] ; Fewel & Dawes v. Pratt (1941), 17 Cal.2d 85 [109 P.2d 650] ; Walker v. Harbor Realty & Development Co. (1931), 214 Cal. 46 [3 P.2d 557]; Dool v. First Nat. Bank (1930), 209 Cal. 717 [290 P. 15]; Duntley v. Kagarise (1935), 10 Cal.App.2d *Supp. 859 394 [52 P.2d 560]; Colby v. Title Ins. & Trust Co. (1911), 160 Cal. 632 [117 P. 913, Ann.Cas. 1913A 515, 35 L.RA.N.S. 813] ; Miller v. California Roofing Co. (1942), 55 Cal.App.2d 136, 143 [130 P.2d 740].) The test is whether the plaintiffs must rely on the illegal transaction to state a case against defendant. Since here they must, they have no causes of action against Silver or his property. (Kyne v. Kyne (1940), 16 Cal.2d 436 [106 P.2d 620] ; Holm v. Bramwell (1937), 20 Cal.App.2d 332 [67 P.2d 114].)
The statutory provisions concerning licensing are for the protection of both the workman and the owner from frauds of the contractor. (Fraenkel v. Bank of America, supra (1953), 40 Cal.2d 845, 848), and they both are equally entitled to protection under that law.
The purpose of the licensing provisions of the Business and Professions Code could be defeated if the employees of the purported contractor are allowed to recover against the owner sums which would not be due at all except for the existence of the forbidden contract, of which they had at least constructive notice.
(6) The enforcement of this public policy collides with that for securing payment for unpaid mechanics and materialmen. Were the invalidity declared only in relation to the legal enforceability of the contract between the parties (Bus. & Prof. Code, § 7031; cf. C.I.T. Corp. v. Breckenridge (1944), 63 Cal.App.2d 198 [146 P.2d 271]), it might be urged that subcontractors would not be prevented from asserting that the unenforceable contract was voidable as to them, with enough legal vitality to make the contractor the owner’s agent, in relation to the contractor’s employees or subcontractors. (Code Civ. Proc., §1182, subd. (c).) But such contracts are void for any purpose (Civ. Code, §§ 1550, 1667, 1598; Holm v. Bramwell, supra (1937), 20 Cal.App.2d 332; cf. Spinney v. Griffith (1893), 98 Cal. 149 [32 P. 974]; San Francisco Pav. Co. v. Fairfield (1901), 134 Cal. 220, 224 [66 P. 255]).
McClain v. Hutton (1900), 131 Cal. 132 [61 P. 273, 63 P. 182, 622], involved an owner-contractor’s contract, void because not recorded as then required by Code of Civil Procedure, section 1184. The claim of lien in that case was not sustained. At that time Code of Civil Procedure, section 1184 also provided that in such cases, labor and material furnished should “be deemed to have been done and furnished at the personal instance of the owner. ’ ’ There are no such statutory declarations now in reference to void contracts. In C.I.T. *Supp. 860 Gorp. v. Breckenridge, supra (1944), 63 Cal.App.2d 198, liability to the bona fide holder of a note securing payment to an unlicensed contractor without notice of his disability was enforced. But there is no such doctrine as to subcontractors who are legally on constructive notice of the want of capacity of their employer, the contractor, to bind the owner. Neither plaintiff can recover without relying on the illegal contract.
Judgment for Hough and Johnson in the respective cases providing mechanic’s liens and for foreclosure thereof should be reversed.