## Drake *v.* Stout (et al., Appellant).

*Mechanic's lien—Motion to strike off by judgment creditor—Res inter alios acta.*

1. A judgment creditor has no standing to move to have a mechanic's lien against defendant's real estate stricken off, for, except as to the parties to it, the lien was res inter alios acta.

*Appeals—Interlocutory order—Motion to strike off mechanic's lien—Moot question.*

2. Refusal to strike off a mechanic's lien is an interlocutory order from which no appeal lies.

3. Where, after an appeal has been taken, from a refusal to strike off a mechanic's lien, but before the certiorari has been filed in the court below, the amount of the lien is paid by the sheriff out of the proceeds of the sale of the property liened, and the lien is satisfied of record, all questions attempted to be raised by the appeal, become moot.

Appeal, No. 46, January T., 1925, by defendant, from order of C. P. No. 3, Philadelphia Co., March T., 1923, No. 110, discharging rule to strike off mechanic's lien, in case of Harry Drake v. Charles A. Stout, Owner, and John Knoell, Judgment Creditor. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Appeal quashed.

Rule to strike off mechanic's lien.
Motion to quash appeal.
The opinion of the Supreme Court states the facts.
Rule discharged. John Knoell, intervenor, appealed.

*Error assigned* was order, quoting it.

*Evans & Wernick,* for appellant.

*Graham & Lamon,* for appellee.

PER CURIAM, January 5, 1925:

Plaintiff filed a mechanic's lien on defendant's property. The premises were later sold by the sheriff. Following the sheriff's sale, appellant, who was a judgment creditor of defendant and who had intervened, moved to have plaintiff's lien stricken off. The rule was discharged and this appeal followed. After the appeal was taken, but before it was filed in the lower court, the plaintiff-appellee induced the sheriff to pay him the amount of his claim, and he marked the lien satisfied.

The appeal cannot be considered for three reasons, each of which is fatal: (1) Because appellant had no standing to ask the court below to strike off appellee's mechanic's lien, for, except as to the parties to it, the lien was res inter alios acta; (2) because the refusal to strike off a lien is an interlocutory order, not the subject of an appeal; and (3) because the lien has been satisfied of record, thereby making moot all the questions attempted to be raised by the appeal.

The appeal is quashed.