## Knoell v. Carey, Sheriff.

*Sheriff's sale—Real estate—Distribution—Priorities—Mechanic's lien—Judgments—Burden of proof—Directed verdict.*

1. One who alleges an improper distribution by the sheriff of the proceeds from the sale of real estate must show not only that he has a lien against the property sold, but that he has a right to share in the proceeds and that the sheriff has paid the money to others who were not entitled to receive it.

2. In an action by a judgment creditor against the sheriff for an improper distribution of the proceeds of a sale in having paid a mechanic's lien which showed on its face that it had attached as a lien upon the property before the judgment was entered, where the only evidence offered by plaintiff was the mechanic's claim, the distribution made by the sheriff and the notice which he alleged he had served on the sheriff not to pay the claim as he intended to contest it, the trial judge properly directed a verdict for the defendant and a judgment *n. o. v.* must be denied.

Motion by plaintiff for judgment *non obstante veredicto*. C. P. No. 5, Phila. Co., Dec. T., 1924, No. 6964.

*Evans & Wernick*, for plaintiff; *T. F. Jenkins*, for defendant.

MARTIN, P. J., April 29, 1927.—This is an action against the Sheriff of Philadelphia County to recover money alleged to have been wrongfully paid by him to the injury of the plaintiff. It appears from the facts presented to the court in this case that one Charles A. Stout was the owner of a dwelling-house located at the northwest corner of Broad Street and Lindley Avenue, in the City of Philadelphia, and that as such owner he made a contract with Harry Drake, a builder, for the erection of certain additions and alterations to said building, to make it into an apartment-house. The work was begun on April 24, 1922, and completed Dec. 11, 1922. The contractor filed a mechanic's lien on March 10, 1923, to which was attached a copy of the contract, and alleged that there was due under said contract the sum of $6577.37, and the claimant averred that he was entitled to his lien from April 24, 1922, the date of beginning the work. The plaintiff, on Feb. 21, 1923, entered in the Court of Common Pleas No. 5 of Philadelphia County two judgments against the said Charles A. Stout, one being for $8000 and the other for $2000. It also appeared that there were certain mortgages against this property which were liens prior to that of the mechanic's claim. Judgment having been obtained on the first mortgage, the property was sold at sheriff's sale for $41,000. Before distribution was made by the sheriff, the Harry Drake claim was reduced to $4860.11. The plaintiff, by his counsel, notified the sheriff not to make distribution of the funds in his hands arising from the sale of this property and presented a rule to strike off the mechanic's claim or lien. After hearing on the merits of the case, the lower court discharged the rule. The case was appealed to the Supreme Court, and the appeal was quashed. See Drake *v.* Stout, 282 Pa. 223. The sheriff then made distribution of the fund in his hands and paid Harry Drake the balance of his mechanic's claim. Whereupon the plaintiff brought this suit against the sheriff, alleging a wrongful distribution of the funds in his hands, and claiming that his judgments were entitled to priority over and above the mechanic's lien which was paid by the sheriff. The case came on to be heard and at the time of the trial the only evidence offered by the plaintiff was the mechanic's lien and the distribution made by the sheriff and the notice which he alleged he served upon the sheriff not to pay out the funds in his hands, for the reason that he proposed contesting the mechanic's lien that had been filed by Harry Drake. The defendant offered no evidence. But counsel for the respective parties requested the trial judge to give binding instructions for their

clients. Whereupon the trial judge gave the following instruction (Testimony, page 21, &c.) :

"By the Court: Plaintiff has put in evidence certain averments of his statement of claim, the truth of which are admitted in the affidavit of defence.

"It is averred and admitted that there was a mortgage of $14,000 secured upon the property, No. 5100 North Broad Street, recorded on May 8, 1922; that the mortgage was foreclosed and the property sold by the sheriff for $41,500, and the proceeds were distributed by him; that, on Feb. 21, 1923, two judgments were entered as liens against the property, one for $8000 and the other for $2000; that, on March 10, 1923, a mechanic's lien claim was filed against the property for $6577.37, claiming a lien from April 24, 1922; that the sheriff, distributing the fund, paid to the owner of the mechanic's lien $4806.11, and the balance remaining, amounting to $641.76, he paid on account of the judgments; that before the distribution was made, plaintiff, through counsel, served written notice on the sheriff that there was a rule pending to strike off the mechanic's lien, and that the claim would be contested on its merits. On Jan. 23, 1924, on presentation of a petition by plaintiff, a rule was entered to show cause why the mechanic's lien should not be stricken from the record. The rule was discharged March 21, 1924, and an appeal taken. On Jan. 5, 1925, the Supreme Court quashed the appeal, the sheriff having distributed the fund and the lien having been marked satisfied on the record. In a per curiam opinion, the reasons assigned for quashing the appeal were: 'Because appellant had no standing to ask the court below to strike off the appellee's lien, for, except as to the parties to it, the lien was res inter alios acta; because the refusal to strike off a lien is an interlocutory order, not the subject of an appeal, and because the lien has been satisfied of record, thereby making moot all the questions attempted to be raised by the appeal.' The distribution made by the sheriff was in strict compliance with the rights of the parties as disclosed by the record. The mechanic's lien, although filed eighteen days later than the judgments, disclosed upon its face that it attached as a lien upon the property before the judgments were entered. The notice served upon the sheriff of an intention on the part of the plaintiff in the judgments to attack the lien was not sufficient to impair its validity. The sheriff made no personal examination of the record before distributing the fund, but paid according to the information furnished to him by the title company.

"It is a matter of common knowledge that sheriff's distribution policies are issued after a thorough search and study of the record.

"The request for binding instructions presented on behalf of plaintiff is refused.

"Gentlemen of the Jury: I direct you to render a verdict for defendant."

In the case of Dowd v. Crow, 205 Pa. 214, 218, Mr. Justice Brown, in discussing a case somewhat similar to the one before us, stated the law as follows: ". . . But, even if the appellant could avoid the effect of his agreement, he failed to make out a case in the court below entitling him to recover. The action was originally in assumpsit, but, on the trial, was changed to trespass against the sheriff for a wrongful distribution—in other words, for negligence in the discharge of an official duty. In support of his claim that the distribution was improper and that he ought to have been paid, the plaintiff proved nothing more than that certain properties, against which he had filed an apportioned lien, had been sold by the sheriff and the proceeds had been distributed by that officer among certain other lien creditors, to the exclusion of himself. His position, as we understand it, is that, because he proved

he had filed a lien against the properties sold, he had made out a *prima facie* case, and the burden was then upon the sheriff to show that the distribution had been properly made. That officer was not called upon to prove anything until the plaintiff had proved what he had charged in his statement as his cause of action. It was that the sheriff had not regarded his duty and had not paid to the plaintiff a portion of the proceeds of the sale, but, on the contrary, had paid the same to persons who were not entitled thereto. The complaint is not that the officer had made distribution, but that he had made an improper one. There was no presumption that it was improper, and in this action brought against the sheriff for his alleged tort, the rule is, as in all such cases, that the person charged with the wrongdoing is not called upon to prove anything until his adversary charging the tort has first proved it. The burden was upon the plaintiff to make out his case by showing, not only that he had a lien against the property sold, but that he had a right to participate in the proceeds, and that the sheriff had paid the money to others who were not entitled to receive it. In the absence of any evidence that an improper distribution had been made and that the lien creditors who were paid should not have received the money, this plaintiff could not have recovered, even if his agreement not to file his lien had not been in his way. . . ."

Counsel for the plaintiff urges that this court in this procedure should determine the validity of a mechanic's lien without offering any evidence to warrant the court in holding that this lien is either void or voidable, and this in the face of the fact that, on the rule to show cause why the mechanic's lien should not be stricken off, the rule was discharged, and on appeal to the Supreme Court, the appeal was quashed: Drake v. Stout, *supra*, as well as the case of Knoell, Appellant, v. Carey, Sheriff, 285 Pa. 498. This, we hold, the trial judge could not have done. We believe, therefore, that the statement made by the trial judge at the close of the case is sufficient to cover the case and that he kept well within the law under the evidence that was adduced at the time of the hearing when he directed a verdict for defendant, and, therefore, the motion for judgment *non obstante veredicto* should be denied.

And now, to wit, April 29, 1927, upon consideration of the above case, the motion by plaintiff for judgment *non obstante veredicto* is refused. An exception to this action of the court is noted for plaintiff.