Kessler, Appellant, v. Mandel et ux.

**506**

Argued November 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Abraham Wernick,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY BALDRIGE, P. J., January 25, 1945:

In this appeal we are confronted with this question: May a creditor, who obtained a judgment lien subsequent to the time work was begun on a building, attack the validity of a mechanic's lien claim because the work was begun without a permit required by a city ordinance? Our answer is in the negative.

A mechanic's lien claim was filed by the appellant on December 9, 1939, asserting a lien from August 11, 1939, when the work was commenced. A scire facias was issued and judgment obtained on June 25, 1940, for want of an affidavit of defense. Almost 3½ years later, on June 17, 1943, the Perfect Building and Loan Association, appellees herein, filed a petition praying that the mechanic's lien be stricken off or be postponed to its lien, entered against the owner of the property in question six days after the work was commenced by the appellant, and to vacate the appointment of a sequestrator made under order of the court dated January 8, 1943. The court below refused to strike off the mechanic's lien, but ordered it postponed to the judgment lien of the association holding that appellant's failure to obtain a building permit at the commencement of the work gave the association's judgment priority and vacated the order appointing the sequestrator. The association was not represented at the argument of this appeal, nor was a brief filed in its behalf, but a reference to its petition filed in the court below shows that the sole basis of the relief sought was the failure of appellant to obtain the building permit until after the association's judgment had been entered.

The action of the court below was erroneous for at least two reasons. (1) The association had no standing in the court below to strike off the mechanic's lien for, except as to the parties thereto, it is res inter alios acta: *Drake v. Stout et al.*, 282 Pa. 223, 127 A. 629; *Knoell v. Carey, Sheriff*, 291 Pa. 531, 535, 140 A. 522; 17 C. J. S. Contracts, §283. It has been frequently ruled that a mechanic's lien, before it is reduced to judgment, is open to impeachment by all having an interest in its validity, but after judgment "though irregular on its face, and even illegally recovered" it cannot be attacked collaterally by third persons, including the lien creditors, except for fraud or collusion: *Sicardi et al. v. Keystone Oil Company et al.*, 149 **Pa.**

139, 146, 24 A. 161; *Nolt v. Crow,* 22 Pa. Superior Ct. 113, 116. As neither fraud nor collusion was alleged or proved by the association it had no legal basis for attacking the validity or priority of the mechanic's lien.

(2) Granting appellant did violate the city ordinance by proceeding with the alterations or repair work for which the mechanic's lien was filed, without a permit, that did not invalidate the mechanic's lien or give the association any right to question its priority or validity. Violation of the ordinance may have subjected the appellant to specific penalties set forth therein, but these penalties for non-compliance are limited to those expressly provided in the ordinance. No other remedy is enforceable: *Beckershoff et ux. v. Bomba,* 112 Pa. Superior Ct. 294, 170 A. 449; *Wilson v. Blaine et al.,* 262 Pa. 367, 370, 105 A. 555.

The learned court below vacated the appointment of a sequestrator on the ground that section 39 of the Mechanic's Lien Act of 1901, under which the sequestrator was appointed, P. L. 431, 49 PS §201, is unconstitutional in that it violates article 3, section 7 of the Pennsylvania Constitution of 1874, which prohibits the passing of any local or special law providing or changing methods for the collection of debts or enforcement of judgment. It is unnecessary to discuss or decide that constitutional point. The association, as a subsequent lien creditor, has not been prejudiced by the appointment of a sequestrator, therefore is not in a position to complain: *Commonwealth v. Alderman,* 275 Pa. 483, 119 A. 551; *Poor District Case (No. 1),* 329 Pa. 390, 407, 197 A. 334; *Commonwealth v. R. C. Haldeman,* 88 Pa. Superior Ct. 284.

The order of the court below is reversed at the costs of the appellee.