[Civ. No. 14225.   First Dist., Div. Two.   Jan. 10, 1950.]

GUIDO FRUGOLI, Respondent, v. DULCIE CONWAY, Appellant.

Mandl & Atteridge for Appellant.

Kalmen Y. Sapero for Respondent.

NOURSE, P. J.—Plaintiff sued to foreclose a mechanic's lien for labor and materials furnished defendant in the construction of a building on defendant's premises. He had judgment based on the reasonable value for $1,495.59.

The controlling issue involved on the appeal is whether plaintiff was an independent contractor or an employee. Appellant does not dispute that the labor and materials were furnished or that their reasonable value was the amount con-

tained in the judgment. Otherwise the facts are disputed in all particulars and our recital is based on the evidence most favorable to respondent and which was accepted as true by the trial court.

It is conceded by respondent that he was not a general building contractor and was not licensed as such under the terms of the Business and Professions Code. It is his contention that, as an employee of appellant, he undertook for a fixed wage to supervise the construction of the building and, on appellant's request, furnished the labor and materials used in the construction. Respondent fully performed his part of the contract and the building was completed under the direction and control of appellant.

Appellant applied for and obtained a building permit in which she was designated as "Builder" and "Owner." She directed respondent to get the necessary labor and materials, which he did. She promised to pay him $400 for his services. He received no profit from the materials he purchased for her, though some were purchased on a "builders" discount, of which appellant had the benefit. Appellant carried the workmen's compensation on the job, and respondent handled the social security withholding taxes. The contract first contemplated a building of 800 square feet. Appellant increased this to approximately 1,500 square feet by directing respondent to construct a bedroom and a bathroom on the outside, and other minor changes in the original plans. She directed the installation of the plumbing at an additional cost. She insisted upon a change in the type of shingles for the roof and now complains that they were unsatisfactory. She directed and controlled the laborers on the job and discharged two of them because they did not follow her orders.

On this evidence the trial court found: "That within the year preceding July 17, 1948, the date of commencement of the above entitled action, plaintiff was supervisor of labor thereon, as employee of said defendant at a fixed wage, to wit $400.00 performed services and furnished materials consisting of lumber, sand, cement, gravel, composition roof, shingles, door and windows, which work and materials were used in and upon and in connection with the work of improvement of the real property above described, consisting principally in the construction of a building; that the reasonable value of such work and materials at the time of the performance and furnishing thereof was the amount of $1495.59."

There is ample evidence to support this finding, the pertinent portion of which is that respondent "was supervisor of labor thereon, as employee of said defendant at a fixed wage."

The question whether one is an independent contractor or an employee is largely one of fact depending on all the circumstances of the relations of the parties. When those circumstances disclose a mixed relation of employment, the finding of the trial court based on substantial and competent evidence cannot be disturbed.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.