[Civ. Nos. 7741, 7742.   Third Dist.   Sept. 8, 1950.]

WILLIAM JAMES POWELL et al., Respondents, v. LARS C. BERG et al., Appellants.

(Two Cases)

Morris Oppenheim for Appellants.

Matthew E. March for Respondents.

PEEK, J.—By their action plaintiffs Powell, Nelson and Tansey sought to recover the reasonable value of their services in the construction of a house and garage upon land owned by defendants Berg and to have the amounts thereof adjudged to be liens against said property. From the judgment which was entered in behalf of plaintiffs Powell and Nelson defendants have appealed. (3 Civ. 7741.) No appeal was taken by plaintiff Tansey from the judgment entered against him. Plaintiff Powell by a second and separate action successfully sought to recover moneys advanced by him in the construction of said dwelling and for the value of the use in such construction work of a truck owned by him. From this judgment defendant likewise has appealed. (3 Civ. 7742.) The foregoing actions were consolidated for trial and appeal and are now before this court upon a single reporter's transcript.

Following the overruling of defendants' demurrer in the first action (3 Civ. 7741) an answer was filed denying the material allegations of plaintiffs' complaint and affirmatively alleging that Powell had represented himself to be a licensed contractor but that he was not so licensed; that he had orally agreed to construct the house at cost and that Berg would sell the same and divide the profits with Powell. In regard to plaintiff Nelson, the answer alleged that he had been fully compensated for his work, and in regard to plaintiff Tansey it was alleged that for a valuable consideration he had released defendants from all claims or demands. Although the answer of defendant in the second action (3 Civ. 7742) does not appear in the record before us, defendants state in their opening brief that an answer was filed denying generally the allegations of the complaint and realleging all of the special defenses set forth in the first action. The consolidated cases proceeded to trial upon the issues so raised. At the conclusion thereof the trial court adopted findings of fact favorable to plaintiffs Powell and Nelson, but found in favor of defendants in regard to plaintiff Tansey.

Appellants' primary contention is that the judgment as to Powell must be reversed for insufficiency of the evidence to sustain the findings of fact. In particular, it is argued that the evidence establishes as a matter of law that Powell was "a contractor" within the meaning of section 7026 of the

Business and Professions Code, and since he admittedly was not licensed as such he could not recover. (Bus. & Prof. Code, § 7031.) Appellants' argument in support of such contention is merely an attack upon the weight of the evidence. However, since the record discloses substantial evidence in support of the findings, their contention is utterly without merit. Suffice it to say that there is more than ample evidence that Powell did not represent himself to be a licensed contractor and that he rendered the services performed as an "employee of another with wages as the sole compensation." (§ 7026.) Additionally, there is more than ample evidence establishing defendants' control of the building operations and of the persons employed therein and the actual exercise of such control by defendants.

Appellants' second contention is as equally devoid of merit as their first. It appears to be merely that as to plaintiff Nelson the evidence is insufficient to sustain the judgment solely for the reason that, in their words, Nelson "literally reeks with alcohol" and "admits he was addicted to the use of intoxicants." From such statements defendants then draw the conclusion that Nelson performed no services. We know of no such rule. Again, suffice it to say that there is more than ample evidence to support the findings and judgment so attacked.

The judgments are affirmed.

Adams, P. J., and Van Dyke, J., concurred.