[Civ. No. 18297.   Second Dist., Div. One.   Oct. 31, 1951.]

DAN D. DORSK, Respondent, v. ALFRED SPIVACK et al., Appellants.

Louis Most, Jerry Berk and Lester Bise for Appellants.

Laurence J. Rittenband and Jack Gold for Respondent.

DORAN, J.—The present action was instituted by respondent Dan D. Dorsk to foreclose a mechanic's lien on appellants' real estate for services rendered as a building superintendent or supervisor. A second cause of action sought recovery for the agreed and reasonable value of services rendered and materials paid for. A jury trial was had on the issues presented on the second cause of action, resulting in a verdict and judgment for plaintiff-respondent in the sum of $4,072.22. By consent of the parties this judgment was later vacated and a judgment entered in the sum of $4,040.03.

Appellants' theory, as expressed in answer and brief, is that respondent Dorsk although not licensed as a general contractor under Business and Professions Code, section 7025 et seq., was in effect so acting in the building of appellants' $80,000 apartment building, rather than acting as a mere building superintendent employed by appellants.

The record discloses evidence to the effect that for a period of almost 30 years the respondent Dan Dorsk although not a general contractor, had been a licensed plastering contractor; that about May, 1948, Dorsk was invited by appellants to submit a plastering bid on a projected apartment house. In addition to the plastering work, the parties entered into an oral agreement whereby respondent was to act as a building supervisor or superintendent. Dorsk was to receive a flat wage of $3,500, payable after completion of the building at which time appellants would procure a loan on the structure.

According to respondent's testimony, appellants first offered to pay $100 per week for respondent's services as superintendent in place of Dorsk's demand for $200 per week; the parties finally agreed on a flat fee of $3,500 for the job. Dorsk was to take orders from the appellant Spivack; subcontractors dealt directly with and were paid by Spivack; Dorsk saw to it that "everything was done right" by the subcontractors. Respondent testified that "whatever Mr. Spivack wanted me to do, I did." Spivack visited the job "nearly every day," sometimes staying for an hour, sometime for four hours, and sometimes remaining all day. Upon completion of the job December 1, 1948, appellants refused to pay the agreed $3,500 or to reimburse Dorsk for advances for occasional labor and miscellaneous supplies.

There was evidence that while respondent was supervising the construction of appellants' apartment building, "he was at the same time supervising the construction of" other building jobs for a flat fee under an arrangement similar to that entered into with appellants. Alfred Spivack testified "that before engaging plaintiff, that plaintiff (Dan Dorsk) stated that he was a licensed general contractor, but this was denied by plaintiff and was found to be untrue." Appellants' brief also stresses the fact that certain subcontractors' bills came addressed to "Dorsk Construction Company," and that there was a sign posted on the outside of appellants' building saying "Dorsk Construction Company." This sign was said to belong to respondent's son, Cyril M. Dorsk who was a general building contractor.

Appellants' brief states: "The question here is whether the legislature intended to exclude the classification of 'Superintendent of building' or 'Supervisor of building construction' from the requirements of the contractors' license laws." Attention is called to the fact that the only expressed exemption to such license requirement is that found in section 7044 of

the Business and Professions Code which provides that "This Chapter does not apply to owners of property, building or improving structures thereon for the occupancy of such owner and not intended for sale"; that "Nowhere in the exemptions is the word 'superintendent' or 'supervisor' used." From this fact appellants seek to draw the conclusion that respondent, an unlicensed general contractor, is not entitled to recover the agreed payment for supervising construction.

It is the respondent's position that there is substantial evidence in support of the findings that respondent was employed by appellants as a building supervisor under the direction and control of appellants and not as an independent contractor, and that there is no statutory requirement that such a supervisor be licensed as a general contractor, or at all.

A question similar to that here involved was under consideration in *Frugoli* v. *Conway,* 95 Cal.App.2d 518, 520 [213 P.2d 76], and the court there said: "The question whether one is an independent contractor or an employee is largely one of fact depending on all the circumstances of the relations of the parties. When those circumstances disclose a mixed relation of employment, the finding of the trial court based on substantial and competent evidence cannot be disturbed."

In *Powell* v. *Berg,* 99 Cal.App.2d 353 [221 P.2d 743], appellants contended that "the evidence establishes as a matter of law that Powell was 'a contractor' within the meaning of section 7026 of the Business and Professions Code, and since he admittedly was not licensed as such he could not recover." The reviewing court in reference thereto, said: "Appellants' argument in support of such contention is merely an attack upon the weight of the evidence. However, since the record discloses substantial evidence in support of the findings, their contention is utterly without merit."

As in the cases just cited, the question whether respondent herein was actually functioning in the capacity of unlicensed general contractor as appellants insist, or merely as an employee hired by appellants to supervise the construction, was clearly one of fact. If respondent's evidence is to be believed, then the findings in favor of respondent's position, are adequately supported. The fact that subcontractors were responsible to and paid by the appellants rather than by the respondent, and that appellant Spivack was on the job daily, apparently overseeing the work, lends support to the view that Dan Dorsk was a supervising employee rather than a general contractor. It is true that from certain items of evidence, in-

ferences might be drawn in support of appellants' contention. The evidence disclosed by the record on this and other phases of the case is clearly in conflict, and the resulting question is one of fact rather than of law.

So far as statutory law is concerned, there is no provision of the Business and Professions Code which requires a mere supervisor or superintendent of building construction to be licensed. Appellants' complaint in respect to the instructions given to the jury is without merit; the issues seem to have been adequately presented. The jury's decision and the findings of the trial court find substantial support in the record and no reversible error has been made manifest.

The judgment is affirmed. The order denying a motion for judgment notwithstanding the verdict is likewise affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 20, 1951.