SWAIN, J.
This is an appeal from judgments for plaintiffs in two mechanics’ lien actions, consolidated for trial and on appeal. The owner of the real property in question is the defendant and appellant Silver. He hired and paid the defendant Shirey to excavate the site for an apartment building. It is not questioned on this appeal that Shirey was not a licensed contractor and that he hired the plaintiffs (respondents) to haul away the dirt after he, Shirey, excavated it. The plaintiff Johnson used three of his own trucks in this hauling, one of which he drove himself. His other two trucks were driven by men he hired for that purpose. In that work the plaintiff Hough drove one truck which he owned. The defendant Shirey did not appeal. Two principal questions are involved: (1) Were the plaintiffs contractors or were they employees of Shirey with wages as their sole compensation? (2) Are they barred from recovery by the fact that Shirey was not licensed as a contractor ?
If the plaintiffs were contractors (or subcontractors) the judgments must be reversed because they did not plead and prove that they were contractors as required by Business and Professions Code, section 7031. But if Business and Professions Code, section 7053, applies, they are not required to have contractors’ licenses. The latter section provides: “This chapter does not apply to any person who engages in the activities herein regulated, as an employee with wages as his sole compensation.” Until 1949, this exception was part of section 7026.
Plaintiffs claim they were employees of Shirey. They do not contend they were licensed as contractors. Their complaints allege that they orally agreed with Shirey to furnish labor and trucks for hauling away materials (dirt) from the real property in question. The court found these allegations were true. No issue was raised by the pleadings as to the precise character of the relationship whether employees or subcontractors—so no finding was made on that issue. The judgment is in harmony with the conclusion that plaintiffs were employees and the evidence supports that conclusion.
Appellant would have us hold that plaintiffs were subcontractors as a matter of law. This we cannot do. Johnson was to be paid by the hour for the use of each truck and *Supp. 855 driver. He paid the drivers and took care of unemployment, social security and other payroll deductions. There was nothing in the oral agreement which prevented Shirey from terminating it at will or prevented him from controlling the manner in which the work was done. The facts as to Hough were the same except that he had only one truck which he drove himself. Of course, he had no payroll deductions to make. In Powell v. Berg (1950), 99 Cal.App.2d 353, 354 [221 P.2d 743], the court held that the plaintiff was an employee although he not only performed services but also advanced money and furnished a truck. In Malvich v. Rockwell (1949), 91 Cal.App.2d 463 [205 P.2d 389], the plaintiff agreed to build a wharf for the defendant and for that purpose bought materials and hired laborers. He was held to be an employee. Andrew v. Conner (1951), 101 Cal.App.2d 621 [225 P.2d 943], holds that Business and Professions Code, sections 7026 and 7031 do not preclude the foreclosure of a mechanic’s lien by one whose sole participation in the project was the rental of his men and equipment to the lienee. See also Denton v. Wiese (1956), 144 Cal.App.2d 175 [300 P.2d 746].
Nor is there any merit to appellant’s claim that plaintiff Johnson’s payment of social security, withholding taxes on laborers he hired, makes him a contractor as a matter of law. (Frugoli v. Conway (1950), 95 Cal.App.2d 518 [213 P.2d 76]. At page 520 the court said: “The question whether one is an independent contractor or an employee is largely one of fact depending on all the circumstances of the relations of the parties. When those circumstances disclose a mixed relation of employment, the finding of the trial court based on substantial and competent evidence cannot be disturbed.”
Volume 26, California Jurisprudence, 2d 401 (note) : “In an action against an employer, when plaintiff has introduced evidence that he acted as an employee or agent of the defendant, the burden is on the defendant seeking to avoid liability on such ground to prove that plaintiff acted as an independent contractor. Malvich v. Rockwell, 91 C.A.2d 463, 205 P.2d 389.”
As to the second question above, the plaintiffs are not barred from recovery by the fact that Shirey, the contractor, was not licensed. In Fraenkel v. Bank of America (1953), 40 Cal.2d 845, 848 [256 P.2d 569], the court said:«“That law [Bus. & Prof., §§ 7026 and 7031] was enacted for the safety and protection of the public against imposition by persons inexperienced in contracting work, and for the prevention of *Supp. 856 fraudulent acts by contractors resulting in loss to subcontractors, materialmen, employees, and owners of structures. (Loving & Evans v. Blick, 33 Cal.2d 603, 609 [204 P.2d 23]; Franklin v. Nat C. Goldstone Agency, 33 Cal.2d 628, 632 [204 P.2d 37].)” [Italicizing of “employees” added.] After citing the above Fraenkel case the court said in Matchett v. Gould (1955), 131 Cal.App.2d 821, 829 [281 P.2d 524] : “When a subcontractor is placed in the class of those for whose protection the law was enacted, he is removed from the imputation of pari delicto (Hedlund v. Sutter Med. Serv. Co., 51 Cal.App.2d 327, 333 [124 P.2d 878] ; Robertson v. Hyde, 58 Cal.App.2d 667, 672 [137 P.2d 703]; 12 Cal.Jur.2d, § 103, p. 302), and thus enabled to maintain an action for recovery of what is justly due him.”
Nothing said about the Matchett ease in Lewis & Queen v. N. M. Ball Sons (1957), 48 Cal.2d 141, 154 [308 P.2d 713], affects the statement just quoted as far as the case at bar is concerned.
In Grant v. Weatherholt (1954), 123 Cal.App.2d 34, 43 [266 P.2d 185], re Business and Professions Code, section 7031, the court said: “The courts will not impose penalties for noncompliance in addition to those that are provided expressly or by necessary implication.” See also Marshall v. Von Zumwalt (1953), 120 Cal.App.2d 807, 810 [262 P.2d 363]. In this case the court held that section 7031 merely prevents an unlicensed contractor from bringing or maintaining any action and therefore does not bar him from using as a defense, by way of offset, to an action by the owner for an indebtedness on a note, money which he claims due him on the contract. That case puts the emphasis on the words “bring or maintain any action. ’ ’ By like reasoning we put emphasis on the words “no person in the business or acting in the capacity of a contractor.” That section thus does not bar employees of an unlicensed contractor from enforcing the mechanic’s lien rights provided in Code of Civil Procedure, section 1181.
Appellant also claims that the court erred in finding the plaintiffs were employees of appellant as well as of Shirey. In this they are correct.
Each of the judgments is modified by striking therefrom the words “and Murray Silver” which appear on page 2, lines 2 and 3. The findings are modified by striking the words “Murray Silver, by and through said defendant’s agent” from page 2, lines 19-20. Under Code of Civil Procedure, sec *Supp. 857 tion 1181, the plaintiffs as employees of the contractor are entitled to a mechanic’s lien against the real property in question.
The judgments as thus modified are affirmed, costs to respondents.
Bishop, P. J., concurred.