269 So.2d 25 (1972)
Joe Neal WARREN, a Partner with Others, D/B/a Warren, Jones & Warren, Appellant,
v.
BILL RAY CONSTRUCTION CO., INC., a Corporation, et al., Appellees.
No. 72-210.
District Court of Appeal of Florida, Third District.
November 21, 1972.
*26 Friedman, Britton & Stettin, Miami, and William H. Benson, Miami Shores, for appellant.
Harvey Richman, Miami Beach, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
CHARLES CARROLL, Judge.
The appellants filed a complaint for foreclosure of a mechanics' lien, alleging they were engaged by a contractor to supply materials and perform certain work in the nature of pouring concrete, incident to a construction project. The plaintiffs alleged performance of such services on January 27, 1971, for which they claimed $1,883.60 was due and unpaid. A preliminary notice to owner, provided for by § 713.06, Fla. Stat., F.S.A., was given by the plaintiffs to the owner several days late. A notice of lien was timely filed by the partnership. The lien has been transferred to a bond.
The defendant Twin Construction Company answered, admitting the filing of the notice of lien and denying other allegations of the complaint. In the answer, as affirmative defenses, it was averred that the work for which the claim was made was performed by the corporation, Warren, Jones & Warren, Inc., rather than by the partnership, and that the preliminary notice to owner was not filed within the 45-day period as provided therefor by law.
Defendants moved for summary judgment. Before the court at the hearing thereon, in addition to the pleadings there was a deposition of one of the plaintiffs, Joe Neal Warren, supporting the allegations of the complaint, and affidavits presented by defendants of two county officials to the effect that for the license year 1970-1971 the partnership did not hold a certificate of competency but that one was held by Warren, Jones & Warren, Inc., and answers to certain interrogatories.
The trial court, holding the plaintiffs were not entitled to a lien, granted summary judgment in favor of the defendants. The plaintiffs appealed. On consideration of the contentions of the appellants in the light of the record and briefs we find merit therein.
The summary judgment does not contain a statement of the grounds or reasons of the court for entry thereof. Grounds upon which the judgment may have been bottomed, based on the record and dealt with in the briefs, were because the preliminary notice of the plaintiffs to the owner was late, or the failure of the plaintiffs to hold an occupational license, or that the plaintiffs' claim of lien should be denied because of some evidence that the work was performed by the corporation Warren, Jones & Warren, Inc., rather than by the partnership-plaintiff.
With reference to the first of those grounds, although the complaint and the recorded lien notice stated the work for which recovery was sought was performed *27 on January 27, 1971, in the deposition of the plaintiff Joe Neal Warren he testified the work was done on January 21 and 22, 1971. Taking January 21 as the date of commencement of the work of the subcontractor, the preliminary notice to owner, served 48 days later on March 10, would be three days late.
That delay in furnishing the preliminary notice did not vitiate the lien, but could affect the amount of recovery thereon. This is so because failure to file the preliminary notice within 45 days after the commencement date would operate to deprive the lienor of the priority which timely filing thereof would have assured, but the lien would be effective for recovery by the lienor (pro rata with others similarly situated) out of funds represented by progress payments or final payment not made prior to the filing of the preliminary notice (or which were not properly paid under the lien law. § 713.06(3) Fla. Stat., F.S.A.) See Crane Co. v. Fine, Fla. 1969, 221 So.2d 145, 153.
Regarding the second ground, the failure to hold a certificate of competency would not preclude recovery by the plaintiff partnership, although it might subject it to penalty at the instance of the county. Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill. 87, 43 N.E.2d 535; Kessler v. Mandel, 156 Pa.Super. 505, 40 A.2d 926; Piping Specialties Co. v. Kentile, Inc., 229 Cal. App.2d 586, 40 Cal.Reptr. 537; Dorsk v. Spivack, 107 Cal. App.2d 206, 236 P.2d 840.
As a third ground for support of the summary judgment it is urged by the appellees that the evidence showed the corporation, rather than the partnership, performed the work, and therefore that the defendants were entitled to judgment as a matter of law. That position taken by the appellees is not supportable on the record. There was no direct evidence that the plaintiffs were not engaged to perform the work and did not perform it. The evidence upon which the appellees rely in that connection was only such as would permit an inference that the work was performed by the corporation. That was evidence that the plaintiffs did not hold an occupational license, whereas the corporation did, and the showing by answer of plaintiffs to an interrogatory that the corporation "may have" paid the laborers.[1] An equal if not stronger inference to the contrary, that is, that the plaintiff-partnership held a subcontract and performed the work, was entitled to be drawn in favor of the plaintiffs from the allegations of the complaint, the form of the preliminary notice and the notice of lien and the deposition of one of the plaintiffs.
In that posture of the case, the plaintiffs, as the parties opposing the motion for summary judgment, were entitled to the benefit of the inference in their favor. On consideration of a motion for summary judgment it is the rule that the court should indulge all proper inferences in favor of the party against whom a summary judgment is being sought. Delany v. Breeding's Homestead Drug Co., Fla. 1957, 93 So.2d 116, 119; Groner-Youngerman, Inc. v. Denison, Fla.App. 1960, 117 So.2d 210, 215; Wagner v. Bonucelli, Fla.App. 1970, 239 So.2d 619, 620.
A further reason why we must reject this third ground suggested as support for the judgment, is that under the mechanics' lien law a contractor or subcontractor *28 can "perform" his contract by or through another.[2]
Additionally, in a case of this kind, if doubts as to the validity of the lien were presented and nicely balanced, they should be resolved in favor of the validity of the lien, in conformity to the rule that the mechanics' lien law must be so construed and applied as to reasonably and fairly carry out its remedial intent. Crane Co. v. Fine, supra; George J. Motz Construction Corp. v. Coral Pines, Inc., Fla. App. 1970, 232 So.2d 441.
For the reasons stated the summary judgment appealed from is reversed, and the cause is remanded for further proceedings.
NOTES
[1] To an interrogatory as to whether any of the employees on the job were paid by the corporation, the answer given by plaintiffs was: "They may have been paid on a check form of Warren, Jones & Warren, Inc., and they may have been paid out of an account in the name of Warren, Jones & Warren, Inc., as this job was performed during a transition period from the partnership of Warren, Jones & Warren to the corporation Warren, Jones & Warren, Inc."
[2] Section 713.01(13) Fla. Stat., F.S.A. provides: "Perform or furnish when used in connection with the words labor or services or material means performance or furnishing by the lienor or by another for him."